# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1766V
Filed: April 10, 2019
UNPUBLISHED

|  |  |
|---|---|
| TAMARA N. JACKSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On November 13, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of her November 20, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 30, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On April 9, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $152,117.34. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $152,117.34 in the form of a check payable to petitioner, Tamara N. Jackson.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TAMARA N. JACKSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 17-1766V **(ECF)** <br> Chief Special Master Dorsey |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

On October 29, 2018, respondent filed his Rule 4(c) Report conceding entitlement in the above-captioned case. Chief Special Master Dorsey issued a Ruling on Entitlement on October 30, 2018, finding that petitioner was entitled to vaccine compensation for her Guillain-Barré Syndrome. Based on the evidence of record, respondent proffers that petitioner should be awarded $150,000.00 for pain and suffering and $2,117.34 for out-of-pocket expenses, for a total of $152,117.34. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of **$152,117.34** in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1]    Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Amy P. Kokot</u>
        AMY P. KOKOT
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Ben Franklin Station
        Washington, DC 20044-0146
        Tel:    (202) 616-4118

Dated:        April 9, 2019